[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINDINGS OF FACTS AND CONCLUSIONS OF LAW
FACTS
1. The plaintiffs Michael and Elizabeth Giametti brought a complaint against defendants Inspections Incorporated and Laura Zachs with a return date of May 9, 2000.
2. An amended complaint in seven counts was filed on January 8, 2001.
3. Counts One through Four of the amended complaint concerned Inspections, and these counts were in some manner disposed of before the matter reached this court
4. Count Five alleged fraudulent misrepresentation as to the defendant Zachs. Count Six alleged fraudulent nondisclosure as to the defendant Zachs. Count Seven alleged negligence as to the defendant Zachs. CT Page 5351
5. Defendant Zachs and plaintiffs negotiated the sale of a dwelling located at 8 Wood Terrace in the Town of East Haven, Connecticut. The terms and agreement of sale of the aforementioned property were negotiated solely between the parties.
6. On March 8, 1998 the defendant Zachs executed a Seller Certificate acknowledging that the aforementioned residence was free of termites, insects, rodents and infestation problems.
7. This certificate was made negligently by the defendant Zachs in that she should have known that there was ant infestation at the time she executed the certificate.
8. The testimony of Keith Bode of Curly Pest Control, an appropriately disclosed expert, convinced the court by a preponderance of the evidence that ant infestation in fact existed at the time the disclosure was signed.
9. The court finds no clear and convincing evidence that the defendant had actual knowledge or fraudulently concealed the infestation.
CONCLUSIONS OF LAW
1. The essential elements of the cause of action in fraud are: (a) a false representation was made as a statement of fact; (b) it was untrue and known to be untrue by the party making it; (c) it was made to induce the other party to act upon it; and (d) the other party did act upon the false representation to his injury.
2. All of these ingredients must be found to exist and the absence of any one of them is fatal to a recovery.
3. Additionally "the party asserting such a cause of action must prove the existence of the first three of the elements by a standard higher than the usual preponderance of the evidence which higher standard has been described as "clear and satisfactory' or "clear, precise and unequivocal'." Anastasia v. Beautiful You Hair Designs, 61 Conn. App. 471,477 (2001).
CONCLUSION
The court concludes that the plaintiffs have not proven any claim against the defendant by clear and convincing evidence. The court renders a verdict for the defendant as to Counts Five and Six based upon fraud. The court rules in favor of the plaintiff on Count Seven based upon negligent misrepresentation. The court further finds that as a result of CT Page 5352 the negligent misrepresentation the plaintiff was forced to expend $4,400 for carpentry work and $200 to treat an infestation.
Judgment is entered for the plaintiff, Michael Giametti against the defendant Laura Zachs in the amount of $4,600.
By the Court,
Kevin E. Booth Judge of the Superior Court